# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ALVIN T. FUKUNAGA                                                                                    PETITIONER
ADC # 154316

v.                                               5:17cv00108-JM-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction                                                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M, Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the district judge or magistrate judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the magistrate judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the magistrate judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the district judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**I.    DISPOSITION**.

On April 13, 2017, Petitioner, Alvin Fukunaga, filed a Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254. The State of Arkansas has responded (Doc. No. 10), and, *inter alia*, asserted that Mr. Fukunaga's claims are time-barred. I agree with Respondent's assertion that the Petition is time-barred; accordingly, I recommend it be DISMISSED.

On February 27, 2013, a Pulaski County jury found Petitioner guilty of rape (Ark. Code Ann. § 5-14-103), and sentenced him to ten years in the Arkansas Department of Correction. (Doc. No. 10-2 at 16.) The Judgment and Sentencing Order was filed on March 4, 2013. (*Id.* at 37-38.) He filed an appeal to the Arkansas Court of Appeals on April 1, 2013. (*Id.* at 41.) The Arkansas Court of Appeals denied Mr. Fukunaga's direct appeal on January 8, 2014. *Fukunaga v. State*, 2014 Ark. App. 4. The mandate issued on January 28, 2014. (Doc. No. 10-6.) On March 19, 2014, Petitioner filed a petition pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, seeking post-conviction relief. (Doc. No. 10-7 at 6-15.) The trial court held a hearing on the Rule 37 petition on July 13, 2015. (*Id.* at 32-66.) The trial court denied relief by written order on August 3, 2015. (Doc. No. 10-8 at 206-210.) On August 11, 2015, Petitioner filed a notice of appeal from that decision (*Id.* at 211-212), and the Arkansas Supreme Court affirmed on April 14, 2016. *Fukanaga v. State*, 2016 Ark. 164. The mandate from that decision issued on May 3, 2016.

(Doc. No. 10-11.)

A state prisoner seeking habeas relief has one year from one of four "triggering events" to file a petition in federal court. 28 U.S.C. § 2244 (d). The relevant triggering event in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244 (d)(1)(A). The one-year period is tolled for the time any properly filed state application for post-conviction relief or collateral review is pending. 28 U.S.C. § 2244 (d)(2). The intervening time between a final judgment on the merits and the filing of a post-conviction petition, application or motion attacking the conviction counts towards the one-year statute. *See, e.g., Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) "The time between the conclusion of [a petitioner's] direct appeal and his motion for postconviction relief therefore counted toward AEDPA's one year limitations period."

In this case, Mr. Fukunaga's direct appeal was final, for § 2244 (d) purposes, on January 28, 2014 - the day the Arkansas Court of Appeals issued its mandate. He filed his Rule 37 petition on March 18, 2014. The § 2244 clock began running on January 29, 2014, and paused on March 18, 2014. It began running again when the Arkansas Supreme Court issued its mandate denying Petitioner relief, on May 3, 2016. His statutory one-year time limit expired on March 14, 2017, but Mr. Fukunaga signed the instant Petition on April 10, 2017. So the instant Petition is untimely.

I also find Mr. Fukunaga is not entitled to equitable tolling. Equitable tolling is only appropriate when a petitioner (1) shows that he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Fukunaga has not alleged any extraordinary circumstance that kept him from filing his petition within the one-year limitation period. Petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state

post-conviction law, do not justify equitable tolling. *See*, *e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004). In other words, where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is not available because Congress is presumed to have considered such obstacles in determining that one year represents a fair and appropriate limitations period. *Runyan v. Burt*, 521 F.3d 942, 945-46 (8th Cir. 2008). Finally, Mr. Fukunaga has not claimed actual innocence. Therefore, tolling under *McQuiggin v. Perkins*, 569 U.S. ---, 133 S.Ct. 1924, 1928 (2013), does not apply and I conclude Mr. Fukunaga's Petition for Writ of Habeas Corpus must be dismissed as time-barred.

## II.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time-barred. Therefore, no certificate of appealability should be issued.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) should be DISMISSED.

2. A certificate of appealability not be issued.

Dated this 7th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE